JOAN KISSINGER et al., Appellants, v. CHARLES & SON et al., Respondents.— Amended judgment of the Supreme Court, Suffolk County, entered January 24, 1969, affirmed. No opinion. Appeal from judgment of the same court dated August 5, 1968 dismissed as academic. That judgment was superseded by the amended judgment, entered January 24, 1969. A single bill of costs is allowed to cover both appeals, payable jointly to respondents. Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.

DEBORAH KLEIN et al., Appellants, v. FEDERATION BANK & TRUST Co., Respondent.— In an action to recover damages resulting from an alleged breach of contract, plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Kings County, dated January 11, 1968, as, upon defendant's motion, dismissed the complaint as amended by the same order and (2) from a judgment of said court entered January 17, 1968 pursuant to said order. Order and judgment affirmed, with one bill of $10 costs and disbursements. The second cause of action in the amended complaint was dismissed on the theory that it was barred by the doctrine of *res judicata*. In our opinion, this cause of action should have been dismissed for legal insufficiency. As in the prior action instituted by plaintiff Ernest Klein alone (see *Klein* v. *American Trust Co.*, 25 A D 2d 564), this cause of action is insufficient as a matter of law. Christ, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur.

LOUIS KOHLER, Respondent, v. A. JACOBY & SONS, INC., et al., Appellants. — In a negligence action to recover damages for personal and property injuries, defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, entered December 20, 1968 in favor of plaintiff upon a jury verdict as pertains to the cause for personal injuries. Judgment reversed insofar as appealed from, on the law and the facts, the recovery on the cause for personal injuries and for costs accordingly struck out, new trial granted as to that cause, but limited to the issue of damages, with costs to abide the event, and action severed accordingly, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the amount of the verdict for personal injuries from $18,000 to $9,000 and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. In our opinion, the verdict was excessive to the extent indicated herein. Christ, Acting P. J., Rabin, Benjamin, Munder and Kleinfeld, JJ., concur.